IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY MORRIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:09-mc-0165 |
| | § | |
| THOMAS PETROLEUM, INC. and | § | |
| THOMAS FUELS, LUBRICANTS & | § | |
| CHEMICALS, INC. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S SUPPLEMENTAL MOTION TO CONFIRM ARBITRATION AWARD AND MOTION FOR SANCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Gregory Morris ("Plaintiff" or "Mr. Morris") and files this Supplemental Motion to Confirm Arbitration Award and Motion for Sanctions against Defendants Thomas Petroleum, Inc. and Thomas Fuels, Lubricants & Chemicals, Inc. (collectively, "Defendants" or "Thomas"), applying to this Court for an order confirming arbitration awards under the Federal Arbitration Act ("FAA") and requesting sanctions against Defendants, and in support thereof respectfully shows the following:

**PARTIES**

1. Plaintiff Gregory Morris is an individual who resides in Houston, Harris County, Texas.

2. Defendant Thomas Petroleum, Inc. ("Thomas Petroleum") is a Texas company that may be served with process by serving its registered agent for service of process, PLA Services, Inc. 701 S. Taylor Street, Suite 501, Amarillo, Texas 79101, with a summons *directed*

*to Thomas Petroleum, Inc.*  Service of Thomas Petroleum as described above shall be effected by certified mail, return receipt requested and/or personal delivery.

      3.      Defendant Thomas Fuels, Lubricants & Chemicals, Inc. ("Thomas Fuels") is a Texas company that may be served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201, with a summons *directed to Thomas Fuels, Lubricants & Chemicals, Inc.*  Service of Thomas Fuels as described above shall be effected by certified mail, return receipt requested and/or personal delivery.

### SUPPLEMENTAL MOTION TO CONFIRM ARBITRATION AWARD

      4.      On January 16, 2009, a panel of three arbitrators ("Panel") completed a unanimous award ("the Award") in favor of Plaintiff, which was transmitted to the parties on January 20, 2009.  (*See* Exhibit 2, Email Transmitting Award).  The Award granted damages to Mr. Morris in the amount of $4,794,222.00 against Defendants.  Plaintiff filed a true and correct copy of the Award with his Motion to Confirm Arbitration Award.  For the convenience of this Honorable Court, Plaintiff has attached an additional copy of the Award to this Supplemental Motion as Exhibit 1.[1]  The Award provides that this amount is "to be paid on or before sixty (60) days from the date of this Award."  *Id*.  Though the sixty days have passed, Defendants failed to pay any of the damages set forth in the Award.

      5.      At the conclusion of the arbitration hearing, the parties agreed that the Panel would reserve the issue of Plaintiff's attorneys' fees until after the Award was issued.  The Panel agreed to proceed in that manner.  Therefore, when issuing the Award, the Panel stated as follows:

---

[1] Plaintiff attaches hereto and incorporates herein the Affidavit of Rhonda H. Wills affirming that Exhibits 1-4 are true and correct copies of the documents that they purport to be.

> The parties are hereby ordered to attempt to resolve the issue of attorneys' fees between themselves. If they have not reached agreement within thirty (30) days of the date this Interim Award is signed, the parties are hereby ordered to contact the AAA case manager and inform her of their failure to reach agreement. The case manager shall notify the panel of the failure to reach agreement, and the panel will conduct further proceedings in this matter over the issue of attorneys' fees. The panel specifically retains jurisdiction for the purpose of entering an award of attorneys' fees in the case.[2]

6. The parties could not reach an agreement on attorneys' fees, and therefore Plaintiff provided his fee bill submission. Plaintiff sought only those reasonable attorneys' fees, including expenses, incurred advancing his claims under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act of 1993 ("FMLA"). 42 U.S.C. § 12205; 29 U.S.C. § 2617. On April 21, 2009, the same Panel awarded Plaintiff $297,555.48 in attorneys' fees (the "Attorneys' Fees Award") and ordered that Defendants pay that sum to Plaintiff within 30 days of the Attorneys' Fees Award. A true and correct copy of the Attorneys' Fees Award is attached hereto as Exhibit 3. Though the 30 days have passed, Defendants have failed to pay the attorneys' fees awarded to Plaintiff. Therefore, in this Supplemental Motion, Plaintiff seeks confirmation of the Attorneys' Fee Award, as well as confirmation of the Award.

7. "A motion to confirm [an arbitration] award is a summary proceeding." *See, e.g., Im v. Chun*, 2008 U.S. Dist. Lexis 70512 (S.D. Tex. 2008) (citing *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). "At any time within one year after the [arbitration] award is made any party to the arbitration may apply to the court…for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10 or 11]…" 9 U.S.C. § 9.

---

[2] Ex. 1, Award at p. 21.

Moreover, a district court's review of an arbitration award is "extraordinarily narrow." *See, e.g., Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004).

8. The Award and the Attorneys' Fees Award are final awards subject to confirmation. Defendants are time-barred from challenging the Award. Moreover, no basis exists for challenging either the Award or Attorneys' Fees Award. Therefore, Plaintiff respectfully seeks confirmation of both the Award and the Attorneys' Fees Award.

**A.  DEFENDANTS' STATUTE OF LIMITATIONS FOR CHALLENGING THE AWARD HAS PASSED BECAUSE A MOTION TO VACATE MUST BE FILED WITHIN THREE MONTHS OF AN AWARD.**

9. A motion to vacate an arbitration award must be filed within three months of the panel's decision, and section 12 of the FAA establishes a 3-month statute of limitations period for filing a motion to vacate. *Smith v. J-Hite, Inc.*, 127 S.W.3d 837, 840 (Tex. App.—Eastland 2003, no pet.) (citing 9 U.S.C. § 12); *Eurocapital Group Ltd. v. Goldman Sachs & Company*, 17 S.W.3d 426, 430-31 (Tex. App.—Houston [1st Dist.] 2000, no pet.). If the losing party does not move to vacate, modify, or correct the award within the three month statutory time limit prescribed in 9 U.S.C. § 12, the award must be "confirmed in full." *Im v. Chun*, 2008 U.S. Dist. Lexis 70512, *2 (S.D. Tex. 2008) (citing 9 U.S.C. § 12). A party who fails to bring a timely motion to vacate an arbitration award "forfeits the right to judicial review of the award." *Corey v. New York Stock Exchange*, 691 F.2d 1205 (6th Cir. 1982); *Picollo v. Daink Kalman, & Quail, Inc.*, 641 F.2d 598 (8th Cir. 1981). Thus, "section 9 [of the FAA] instructs that a court '<u>*must grant*</u>' an application for confirmation unless the award is challenged within a three-month period following its issuance." *Tokura Construction Co., Ltd. v. Corporacion Raymond, S.A.*, 533 F. Supp. 1274, 1278 (S.D. Tex. 1982) (emphasis added).

10. The three-month rule also bars challenges raised beyond the deadline in response to a motion to confirm an arbitration award. *See, e.g., CIGNA Ins. Co. v. Huddleston,* 986 F.2d 1418, 1993 WL 58742, *11 (5th Cir. 1993) (no equitable tolling exception to FAA statute of limitations) (unpublished); *Tokura*, 533 F. Supp. at 1278; *Smith*, 127 S.W.3d at 841. Allegations of error, whether ministerial, procedural or substantive does not render an award "non- 'final'" for purposes of the three-month time limit to bring a motion to vacate. *Fradella v. Petricca*, 183 F.3d 17, 20 (1st Cir. 1999). "Were such alleged subsidiary 'mistakes' sufficient to divest an arbitral award of its finality, the running of the limitations period prescribed in the FAA § 12 could be postponed or suspended indefinitely… [and] [i]n the process, the 'finality' test applicable to arbitral awards would be severely undermined, along with the central purpose served by arbitration proceedings." *Id*.

11. Here, the Award was transmitted to the parties on January 20, 2009. (*See* Exhibit 2, Email Transmitting Award). Therefore, the three-month deadline for Defendants to file a Motion to Vacate the Award was on <u>April 20, 2009</u>, and Defendants failed to meet this statutory cut-off for challenging the Award. Accordingly, the Award should be confirmed.

**B.   THE AWARD AND THE ATTORNEYS' FEES AWARD ARE FINAL AWARDS SUBJECT TO CONFIRMATION.**

12. Plaintiff and Defendants ("the parties") entered into an Arbitration Agreement whereby those parties agreed that "[i]t is the intent of EMPLOYEE AND EMPLOYER that any CLAIM OR DISPUTE by either EMPLOYEE OR EMPLOYER against the other shall be subject to and resolved in accordance with this agreement." (*See* Arbitration Agreement at p. 2, Exhibit 4). The scope of the Panel's authority is governed by the agreement of the parties. *See, e.g., City of Beaumont v. Int'l Ass'n of Firefighters, Local Union No. 399,* 241 S.W.3d 208, 212-213 (Tex. App.—Beaumont 2007, no writ). The parties agreed that "the award rendered by the

arbitrator(s) shall be final…" and "must be issued within thirty (30) days from the last day of the arbitration hearing." (*See* Arbitration Agreement at p. 3, Exhibit 4). The parties agreed to extend the time for the issuance of the Award to January 16, 2009, reserving only the issue of attorneys' fees. (*See* Award at p. 2, Ex. 1; Plaintiff's Motion to Confirm Arbitration Award at p. 5 [Dkt. 1]).

13. The Award was issued on January 16, 2009, and the Attorneys' Fees Award was subsequently issued as a result of the Panel having reserved the issue for later determination, by the agreement of the parties. Therefore, both the Award and the Attorneys' Fees Award are final and subject to confirmation.

14. At the conclusion of the hearing on this matter, the Panel informed the parties that it would make a determination of liability, and if appropriate would entertain additional argument or briefing on attorneys' fees. (*See* Award at p. 2, Ex. 1). The Award, though styled "interim award," left open only the issue of attorney's fees. (*See* Award at p. 21, Ex. 1). Indeed, the Panel stated that it would only conduct additional proceedings "over the issue of attorneys' fees" if the parties could not reach an agreement on those fees. (*See id.*). Moreover, the Panel specifically directed the Defendants to pay Claimant $4,794,222 "on or before sixty days from the date of this award." (*See id.*). The Panel made a final determination regarding liability and damages in its "Interim Award."

15. An award that is styled "interim" award is still a final award subject to confirmation so long as it definitively disposes of a separate independent claim, notwithstanding the absence of an award that finally disposes of all the claims that were submitted to the arbitration. *See, e.g., Island Creek Coal Sales Co. v. City of Gainesville*, 729 F.2d 1046, 1049 (6th Cir. Ky. 1984) (interim award that disposed of single self-contained and discrete issue is

final as to that issue); *see also Metallgesellschaft v. M/V Capitan Constante, et. al*., 790 F.2d 280, 283 (2nd Cir. N.Y. 1986) (citations omitted).  Where an "interim award" decides the substantive issues in the case, and merely reserves the issue of attorneys' fees and costs, the "interim award" is final.  *See, e.g., The Crawford Group v. Holekamp*, 2007 U.S. Dist. Lexis 19159, *3 (E.D. Mo. 2007).  Similarly, as with the "interim award" in this case, an "interim award" that orders that Respondent pay the Claimant a sum of money is a final award.  *Home Ins. Co. v. RHA/Pennsylvania Nursing Homes*, 127 F. Supp.2d 482, 490 (S.D.N.Y. 2001); *see also The Crawford Group*, 2007 U.S. Dist. Lexis 19159, *3.

16. This case is similar to *Synergy Staffing, Inc. v. Westaff, Inc*., 2003 Cal. App. Unpub. LEXIS 9828 (Cal. App. 2003).  In *Synergy Staffing, Inc*., the parties had agreed to submit any disputes to binding arbitration under the commercial arbitration rules of the American Arbitration Association.  *Id.* at * 2.  Following a six-day hearing, the panel issued its award.  *Id*.  The panel awarded Synergy $2.2 million plus interest and "reasonable" attorneys' fees, in what the trial court characterized as "an interim award."  *Id*. at *3 - 4. The panel reserved jurisdiction to fix the amount of attorney fees and costs.  *Id*. at *3.  The panel later awarded attorney fees and costs in a "final" award.  *Id*.  Synergy sought to confirm the "interim" arbitration award, and the California Court of Appeals agreed that the interim award was a final award subject to confirmation.  *Id*. at *3.

17. Another analogous case is *Nu-Best Franchising, Inc. v. Motion Dynamics, Inc*., 2006 U.S. Dist. Lexis 30332 (M.D. Fl. 2006).  In that case, Nu-Best filed an action seeking to vacate an "Interim [Arbitration] Award."  *Id*. at **2-3.  The Interim Award awarded $274,000 against Nu-Best in favor of Motion Dynamics, Inc., and further found that Motion Dynamics, Inc. was entitled to attorneys' fees and costs.  *Id*. at *2.  The determination of the amount of

attorneys' fees and costs was reserved until a later date. *Id*. After a subsequent hearing on the amount of attorneys' fees, the arbitration panel awarded Motion Dynamics, Inc. $46,643.68 in attorneys' fees and costs against Nu-Best. Motion Dynamics, Inc. argued that Nu-Best failed to properly serve a motion to vacate within three months of the Interim Award, and therefore the motion to vacate was time-barred. *Id*. at *3 and *9. The court agreed with Motion Dynamics, Inc. and stated as follows:

> The Interim Award
>
> Defendants move to dismiss Plaintiffs' Amended Complaint, arguing that Plaintiffs failed to timely serve them with notice of their [*8] action to vacate or modify the Interim Award, as required by *9 U.S.C. § 12*. Defendants contend the Interim Award was a final decision and therefore Plaintiffs were required to serve Defendants with notice of their action to vacate or modify on or before December 8, 2004, three months after the Interim Award was issued. This Court agrees. The Interim Award, notwithstanding its title was a final arbitration award subject to confirmation, as determined by Judge Aldrich in the Northern District of Ohio. Accordingly, Plaintiffs were required by *§ 12* to file and serve notice of their motion to vacate within three months of delivery of the Interim Award on September 9, 2004. Further, as Defendants were not residents of Florida, Plaintiffs were required to serve notice through the United States Marshal.
>
> It is undisputed that Plaintiffs did not serve notice of a motion to vacate within three months of delivery of the Interim Award and have never served notice of their motion to vacate through the marshal. Plaintiffs mistakenly contend that the Interim Award was not a final award and the notice requirements of *§ 12* do not apply.[3]
>
> ***
>
> [*10] "An arbitral award is deemed 'final' provided it evidences the arbitrators' intention to resolve all claims submitted in the demand for arbitration, even though the arbitrators purport to retain jurisdiction in the event the need arises to resolve some subsidiary matter, such as damages or backpay calculations." *Fradella v. Petricca, 183 F.3d 17, 19 (1st Cir. 1999)*. Courts have permitted

---

[3] *Id*. at *8.

> confirmation and vacation of arbitration awards which do not completely resolve the arbitration. *See Yasuda Fire & Marine Ins. v. Continental Cas. Co.*, 37 F.3d 345, 348 (7th Cir. 1994) (finding district court had jurisdiction to consider motion to vacate of interim award requiring petitioner to issue a letter of credit); *Island Creek Coal Sales Co. v. City of Gainesville*, 729 F.2d 1046, 1049 (6th Cir. 1984) (enforcing award of specific performance, even though price of product was subject to further arbitration), *abrogated on other grounds, Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 120 S. Ct. 1331, 146 L. Ed. 2d 171 (2000).
>
> Here, the arbitrator's intention to resolve all claims in the demand for arbitration is evident from the Interim Award [*11] itself. The Interim Award determined liability, damages and entitlement to attorneys' fees and administrative expenses. The award expressly provided that it was issued in "full settlement of all claims and counterclaims submitted" to the arbitrator. (Dkt. 2, Ex. C, p. 3). The arbitrator reserved jurisdiction only to determine the amount of attorneys' fees and costs. *Id.* at 2…[4]

As in *Synergy* and *Nu-Best*, the Award here is a final award subject to confirmation and should be confirmed.

C. **THERE IS NO BASIS FOR VACATURE OF THE AWARD OR THE ATTORNEYS' FEE AWARD AND BOTH SHOULD BE CONFIRMED.**

18.   Arbitration awards are subject to considerable deference and judicial review of an arbitration award is "extraordinarily narrow." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 349 (5th Cir. 2004).  Here, the parties agreed to arbitrate this case under the Federal Arbitration Act (the "FAA").  (Ex. 4, Arbitration Agreement at p. 3).  According to the Fifth Circuit Court of Appeals, arbitration awards under the FAA may be vacated only for reasons provided in 9 U.S.C. § 10 ("Section 10").  *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009). Recently, the Fifth Circuit specifically held that "manifest disregard of the law" is <u>not</u> a ground for setting aside an arbitration award.  *Id*.

---

[4] *Id*. at *10.

19. Under Section 10 courts are permitted to vacate an arbitration award *only* under the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Defendants have not, and cannot, present any evidence of any basis for vacature under Section 10. Therefore, the Award and the Attorneys' Fee Award should be confirmed.

## SUPPLEMENTAL MOTION FOR SANCTIONS

20. During the arbitration final hearing, Defendants committed at least two acts that are subject to sanctions by this Court. *See* FED. R. CIV. P. 11, 26(g), 37, 56(g); *see also*, 28 U.S.C. § 1927. First, Defendants bribed a key witness—the assailant, Mr. Johnson. (*See* Ex. 1, Award at pp. 15-16 and n.16). Further, Defendants destroyed a surveillance tape of the area where the assault occurred after representing that no such tape ever existed. (*See* Ex. 1, Award at p. 17, n. 18).

21. The Court's inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with awards of attorneys' fees and such other orders and sanctions as they find necessary, including even dismissals and default judgments. *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 46, 111 S. Ct. 2123, 2132-33, 115 L. Ed. 2d 27

(1991); *see also Lubrizol Corp. v. Exxon Corp.*, 957 F.2d 1302 (5th Cir. 1992) (court awarded over $2.4 million in attorneys fees as sanctions); *Batson v. Neal Spelce Assoc.*, 805 F.2d 546, 550 (5th Cir. 1986) ("Federal courts possess inherent power to assess attorneys fees and litigation costs when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.").

22.     Here, Plaintiff seeks as sanctions in this matter an award of attorneys' fees, including litigation expenses, as well as any other sanction deemed appropriate by the Court to deter these actions of Defendants in the future. In the arbitration, the Panel awarded Plaintiff only a portion of his attorneys' fees, those which were incurred advancing his federal claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117, § 12203 and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-265442. Accordingly, Plaintiff was not awarded attorneys' fees or expenses related solely to his libel/slander claims or negligence claims where such segregation was possible. The fees and expenses awarded by the Panel in the Attorneys' Fee Award did not include Plaintiffs' fees and expenses that could be attributed solely to his non-statutory claims and were not intertwined with the facts and circumstances advancing the FMLA or ADA claims.

23.     Plaintiff has attached hereto affidavits from his attorneys setting forth the amount of attorneys' fees and expenses that he was not previously awarded by the Panel. (*See* Affidavit of Rhonda H. Wills in Support of Motion, Exhibit 5; Affidavit of John M. Padilla, Exhibit 6). Plaintiff seeks recovery of his attorneys' fees and expenses not previously awarded. Plaintiff has also incurred and continues to incur attorneys' fees and expenses in bringing this motion for sanctions and seeks an award of such fees and expenses, as well as any other sanctions deemed appropriate by the Court.

## PRAYER

Accordingly, Plaintiff respectfully requests that Court enter an order and final judgment confirming the Award and the Attorneys' Fee Award and granting sanctions against Defendants. Plaintiff further respectfully requests all other relief to which he is justly entitled at law or in equity.

Respectfully submitted,

*/s/ Rhonda H. Wills*
Rhonda H. Wills
Attorney-in-Charge
State Bar No. 00791943
Southern District I.D. No. 20699
WILLS LAW FIRM
2700 Post Oak Blvd., Suite 1350
Houston, Texas  77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

-AND-

John M. Padilla
State Bar No. 00791395
PADILLA, RODRIGUEZ & DE LA GARZA, L.L.P.
1776 Yorktown, Suite 535
Houston, Texas 77056
Telephone: (713) 574-4602
Facsimile: (713) 574-4601
**ATTORNEYS FOR PLAINTIFF
GREGORY MORRIS**

## **CERTIFICATE OF SERVICE**

      I, the undersigned counsel, hereby certify that the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to all counsel of record, on **May 29, 2009**, including to Defendants' counsel:

Mr. Brock C. Akers
PHILLIPS & AKERS, P.C.
3200 Southwest Freeway
3200 Phoenix Tower
Houston, Texas 77027

Mr. Levi Benton
STRASBURGER & PRICE, L.L.P.
1401 McKinney, Suite 2200
Houston, Texas 77010

                                                */s/Rhonda H. Wills*
                                                Rhonda H. Wills