IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGORY MORRIS § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No: 4:09-mc-0165 |
| § | |
| THOMAS PETROLEUM, INC. and § | |
| THOMAS FUELS, LUBRICANTS & § | |
| CHEMICALS, INC. § | |
| § | |
| Defendants. § | |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVELY, MOTION TO STAY PROCEEDINGS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Defendants THOMAS PETROLEUM, INC. and THOMAS FUELS, LUBRICANTS & CHEMICALS, INC., (collectively "Defendants"), by and through their counsel, file this Motion to Dismiss for Lack of Subject Matter Jurisdiction because there is no federal question jurisdiction. Alternatively, Defendants file this Motion to Stay Proceedings in this matter pending the resolution of the parallel state court proceedings, styled *Morris v. Thomas Petroleum, Inc.*, Cause No. 2007-48269 in the 269th Judicial District, Harris County.

## I.   Summary of Underlying Facts

1. There are currently parallel proceedings in both federal and state courts pertaining to Plaintiff Morris' (hereinafter "Morris" or "Plaintiff") arbitration award.

2. This matter arose from a dispute between Gregory Morris and a co-worker, Anthony Johnson. Both were employed as truck drivers hauling gasoline in interstate commerce. On December 29, 2006, Morris suffered injuries on the job during a fight with Johnson.

3. Plaintiff originally invoked the jurisdiction of the Texas state court by filing Plaintiff's Original Petition in Harris County, Texas, on August 10, 2007—two years prior to the Plaintiff filing this action in federal court. Significantly, Plaintiff instituted both of the pending suits, filing first in state court and later in this Court.

4. The state court abated proceedings pending arbitration, which proceeded to an award.

5. After the arbitration panel reached an award, Defendants, properly invoking the jurisdiction of the state court, filed a motion to vacate the arbitration award. Contrary to assertions by the Plaintiff, the motion to vacate the arbitration award was filed by Defendants before Plaintiff filed this federal district court action.[1]

6. After the motion to vacate was filed, Plaintiff filed this action in federal court in a forum-shopping endeavor. Plaintiff filed this action on April 20, 2009, nearly two years after originally filing suit and invoking the jurisdiction of the Texas state court.

7. Plaintiff has failed to accurately describe the arbitration proceedings and has been less than candid with this Court in his pleadings. Plaintiff's original filing suggested that the arbitration panel awarded $4.7 million to Plaintiffs, and that was the then current award of the arbitration panel. However, at the time of Plaintiff's original pleading, the arbitration panel had reduced the award to comport with the maximum claim under Plaintiff's pleadings—$2.75 million. And although the panel has once again reversed itself and awarded the original amount ($4.7 million), Plaintiff neglected to accurately describe the arbitration proceedings to this Court

---

[1] Plaintiff failed to advise the Court that Defendants filed their motion to vacate in state court on April 8, 2009; in fact, Plaintiff claims that Defendants have not filed a motion to vacate, and claim that the "statute of limitations" has expired on Defendants' opportunity to file such motion. Even under Plaintiff's interpretation of a timeline, however, Defendants timely filed their motion to vacate in the state court action initiated by Plaintiff. Plaintiff's Supplemental Motion to Confirm goes on for six pages with clear implication that Defendants missed their deadline to complain of the arbitration ruling, when nothing could be further from the truth.

and failed to mention that at the time he filed this suit, the panel had not issued its final award. In fact, the panel only issued its final award on June 15, 2009.

**II.      Motion to Dismiss for Lack of Subject Matter Jurisdiction**

8.     Federal courts have original jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Morris' motion to confirm the arbitration award does not fall within this grant of jurisdiction to the federal courts for the following reasons:

**A.      The Federal Arbitration Act does not confer jurisdiction.**

9.     The question whether a claim "arises under" federal law is determined by looking to the face of the Plaintiff's "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The Plaintiff seeks confirmation of the arbitration award under the Federal Arbitration Act ("FAA") in Plaintiff's Supplemental Motion To Confirm Arbitration Award And Motion For Sanctions. That pleading invokes no other basis for federal jurisdiction. This Court does not have subject matter jurisdiction to confirm the arbitration award under the FAA.

10.    Plaintiff specifically "appl[ies] to this Court for an order confirming arbitration awards under the Federal Arbitration Act." Section 9 of the FAA provides that "[a]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. Plaintiff's reliance on the FAA as bestowing authority to bring this action or conferring jurisdiction over his motion to confirm is misplaced. Not only does the FAA fail to independently confer subject matter jurisdiction but, by its very terms, does not govern this dispute.

11. The FAA, by its very terms, does not apply to Morris' claims. The FAA applies to a "contract evidencing a transaction involving commerce to settle by arbitration . . . an agreement in writing to submit to arbitration an existing controversy." 9 U.S.C. § 2. Commerce "means commerce among the several States . . . but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, *or any other class of workers engaged in foreign or interstate commerce.*" 9 U.S.C. § 1; *see also Int'l Ass'n of Machinists and Aero. Workers Local Lodge 2121 v. Goodrich Corp.*, 410 F.3d 204 (5th Cir. 2005). Federal Courts have found that this provision exempts application of the FAA to arbitration agreements involving "transportation workers." *See, e.g., Brown v. Nabors Offshore Corp.*, 339 F.3d 391, 393 (5th Cir. 2003).

12. Morris was employed by Thomas Fuels as a truck driver hauling gasoline at all times relevant to this case. This fact has never been disputed throughout all the proceedings involving Morris' claim. Regardless, Thomas Fuels offers herein as Exhibit A the affidavit of Bill Thomas, President of Thomas Fuels, which explains how and why Gregory Morris and Thomas Fuels were engaged in interstate commerce relating to transporting goods. Federal Courts have specifically found that truck drivers fall within the FAA "transportation workers'" exception. *See Lenz v. Yellow Transp., Inc.*, 431 F.3d 348, 351 (8th Cir. 2005) ("Indisputably, if [employee] were a truck driver, he would be considered a transportation worker under § 1 of the FAA"); *Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001). "Under Fifth Circuit precedent, a transportation worker is someone who works in the transportation industry—an industry whose mission it is to move goods." *Tran v. Texas Lincoln Mercury, Inc.*, 2007 U.S. Dist. LEXIS 63725 (S.D. Tex. 2007) (mem. op.). Morris is a "transportation worker"

whose arbitration agreement is specifically excluded from coverage under the FAA. 9 U.S.C. § 1.

13. Accordingly, there is no federal question involved in this dispute that confers jurisdiction. To quote the Supreme Court in a recent decision, "[a]s for jurisdiction over controversies touching arbitration, however, the [Federal Arbitration] Act is something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis of the parties dispute." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009); *see also Moses H. Cone Memorial Hosp. v. Mercury Constrs. Corp.*, 460 U.S. 1, 25 n.32 (1983) (stating that the FAA "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331"). A federal court may only hear a motion to confirm an arbitration award under the FAA if independent jurisdiction exists. The Plaintiffs reliance on the FAA to confer jurisdiction is misplaced.

14. Further, the parties are not able to create federal court jurisdiction by using language in the arbitration agreement which selects the FAA. The arbitration agreement is similar to the one found in *Palcko v. Airborne Express*, 372 F.3d 588 (3rd Cir. 2004). There, the arbitration agreement provided that the FAA would govern the arbitration agreement between the parties and to the extent inapplicable, state law would govern. Finding that the arbitration agreement fell within the exemption contained in Section 1 of the FAA, the Court applied state law to determine the enforceability of the arbitration agreement despite the language of the arbitration agreement which provided that the FAA governed. Similarly, although the Morris arbitration agreement selects the FAA as the governing law, the FAA specifically exempts its application regarding Morris' claims. As such, the FAA does not grant Plaintiff authority to maintain this suit in this Court.

**B.     The Americans with Disabilities Act and the Family and Medical Leave Act do not confer subject matter jurisdiction.**

15.     In the parallel state court proceeding, instituted by Plaintiff, and the arbitration proceedings which Plaintiff now seeks confirmation, Plaintiff asserted causes of action under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act of 1993 ("FMLA") under 42 U.S.C. § 12205 and 29 U.S.C. § 2617, respectively.

16.     These underlying causes of action embedded in the state court proceedings, arbitration proceedings and arbitration award cannot serve to confer subject matter jurisdiction in this proceeding. Federal courts cannot infer subject matter jurisdiction over the petition simply because such jurisdiction exists in the underlying arbitration. *See Collins v. Blue Cross Blue Shield of Michigan*, 103 F.3d 35, 38 (6th Cir. 1996) ("the underlying federal nature of an arbitrated dispute did not confer federal jurisdiction"). Despite the federal nature of the FMLA and ADA claims submitted to arbitration, those underlying claims do not serve as a "basis for jurisdiction under 28 U.S.C. § 1331, since the rights asserted here are actually based on the contract to arbitrate rather than on the underlying substantive claims." *Detroit Pension Fund v. Prudential Securities Inc.*, 91 F.3d 26 (6th Cit. 1996). As such, the ADA and FMLA claims do not create an independent basis for this Court to exercise subject matter jurisdiction.

17.     In short, this Court does not have subject matter jurisdiction to hear this case. The FAA bestows no independent federal jurisdiction. Further, Plaintiff falls squarely within an exception to the applicability of the FAA. Plaintiff has no statutory authority to ask this Court to confirm the arbitration award and this Court has no statutory authority to engage in such an activity.

**C.     Diversity of Citizenship**

18. Plaintiff is also unable to rely on diversity of citizenship under 28 U.S.C. § 1332 as creating an independent basis for this Court to exercise subject matter jurisdiction. Here, all the litigants are citizens of Texas for diversity jurisdiction purposes. Plaintiff Morris resides in Houston, Harris County, Texas. Defendants Thomas Petroleum, Inc. and Thomas Fuels, Lubricants & Chemicals, Inc. are both Texas companies. Accordingly, there is not complete diversity among the parties.

19. Thus, because there is neither federal question jurisdiction nor diversity jurisdiction in this Court, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

### III. Motion to Stay Proceedings

20. Alternatively, in the interests of wise judicial administration, with regard to conservation of judicial resources and comprehensive disposition of litigation, this Court should stay these proceedings in favor of state court resolution for the following reasons:

#### A. *Brillhart* Abstention is the Appropriate Standard

21. The doctrine of *Brillhart* abstention governs declaratory judgment actions when another parallel action is pending in state court presenting the same issues between the same parties. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494–95 (1942).

22. Under *Brillhart*, abstention from a declaratory judgment action is proper when the state offers an alternative forum to resolve the particular dispute. Here, the state court offers such a forum. Further, the jurisdiction of the state court was originally invoked by the Plaintiff, who filed suit in the alternative forum nearly two years ago. As such, *Brillhart* requires federal courts abstain from hearing Plaintiff's Motion to Confirm Arbitration Award and Motion for Sanctions.

23.     When a party is seeking both declaratory relief and monetary relief, *Brillhart* abstention is the appropriate standard when the request for monetary relief is frivolous or made to avoid the application of *Brillhart* abstention. *Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000).

24.     Plaintiff's suit falls under the *Brillhart* abstention standard because Plaintiff's Motion to Confirm the Arbitration Award is declaratory in nature. Further, Plaintiff's requests for sanctions are frivolous and made to avoid the application of *Brillhart*. Under the standard in *Brillhart*, it would be both uneconomical as well as vexatious to proceed in this action brought by Plaintiff when there is another suit pending in state court presenting the same issues.

**B.     Plaintiff's Motion to Confirm is Declaratory in Nature**

25.     The relief sought by Plaintiff in the Motion to Confirm Arbitration Award is declaratory in nature. A declaratory judgment establishes the existing rights, status, and other legal relationships of the parties. Accordingly, confirmation of an arbitration award is declaratory in nature. *See United Fuel Gas Co. v. Columbian Fuel Corp.*, 165 F.2d 746 (4th Cir. 1948).

26.     With respect to the arbitration award, Plaintiff is attempting to establish his existing legal right to, or status of, the arbitration award. Plaintiff's claim is therefore declaratory in nature.

27.     *Brillhart* is the appropriate standard when deciding whether to abstain from a declaratory judgment action when there is an alternative forum to resolve the dispute.

**C.     Plaintiff's Requests for Sanctions**

28.     Plaintiff's Requests for Sanctions are frivolous because they are clearly barred by res judicata. The Fifth Circuit has recognized that arbitration awards have preclusive effect in

subsequent litigation. *See Gardner v. Shearson, Hammill & Company*, 433 F.2d 367, 368 (5th Cir. 1971). Accordingly, Plaintiff's arbitration award has preclusive effect in this federal court proceeding. A plaintiff is not permitted to assert requests for relief serially, in successive actions, but should advance them all at once. Res judicata bars not only those claims that were advanced in the former adjudication by the arbitration panel, but those claims which should have been brought. Plaintiff's failure to advance requests for sanctions in the arbitration proceeding bars Plaintiff from asserting those requests in later proceedings.

29. Federal court precedent consistently holds that an unconfirmed arbitration award could be the basis for res judicata. *See In re O'Neill*, 260 B.R. 122 (E.D. Tex. 2001); *In re Marx*, 171 B.R. 218 (N.D. Tex. 1994). Although Plaintiff now seeks confirmation of the arbitration award in federal court, the fact that the award is unconfirmed does not render res judicata inapplicable. The Plaintiff is barred from bringing a request for sanctions which could have been advanced in the arbitration proceedings.

30. Additionally, the issues raised by Plaintiff's requests were squarely addressed by the arbitration panel, as is evidenced by the language Plaintiff pulled from the arbitration award in support of Plaintiff's Requests for Sanctions. Plaintiff is attempting to impermissibly relitigate issues already presented to the arbitration panel in order to avoid the application of *Brillhart*.

31. Based upon the doctrines of claim and issue preclusion, Plaintiff's Requests for Sanctions to this Court are frivolous. As stated by the Fifth Circuit, "an exception to [the] general rule [that *Colorado River* abstention applies to requests for monetary relief] arises when a party's request for injunctive relief is either frivolous or made solely to avoid application of the Brillhart standard." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir.

2000). Plaintiff's Requests for Sanctions falls within this exception. Accordingly, the *Brillhart* abstention standard applies.

32.     Further, Plaintiff failed to raise the requests for sanctions at the appropriate time-- in the arbitration proceedings. Rather, Plaintiff waited to raise the requests for sanctions in the federal court proceedings in order to couple their motion to confirm an arbitration award with a request for monetary relief. By doing so, Plaintiff attempts to remove the federal proceedings from the appropriate *Brillhart* abstention standard in favor of the *Colorado River* abstention standard. As such, the Plaintiff's requests for sanctions were made solely to avoid the application of the appropriate standard, *Brillhart*. Plaintiff cannot defeat the application of *Brillhart* abstention through the use of such tactics. *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000).

33.     Further, Plaintiff's requests for sanctions are based on gross exaggerations and falsehoods and unsupported by any evidence. First, Plaintiff claims that Defendants bribed a key witness, Anthony Johnson. Johnson, a former employee, was fired at the same time as Plaintiff for engaging in fighting. At the time he was fired, Johnson believed he was owed two weeks of back vacation pay, the value of which was $1,200. Defendants' General Counsel, Bill Russell, agreed to pay Johnson his back vacation pay at the same time he was asking Johnson come testify at the arbitration proceedings.[2] Johnson, whose weekend job is pastoring a church, was anxious to receive the money that he considered he earned. It is important to note that Johnson's trial testimony was one hundred percent consistent with his previous statements made both to the police and Defendant following the incident. The receipt of his back vacation pay did not change or alter Johnson's testimony in any manner, nor did it encourage him to say something

---

[2] Russell was also aware that Johnson could have a claim for wrongful termination, and regarded the payment as a very favorable settlement of all potential claims Johnson might have.

untrue. In short, payment of back vacation time was not a bribe. Johnson's testimony was completely consistent and remained unaltered after he received his back vacation pay. Plaintiff's allegations, in light of Johnson's consistent statement, are disingenuous at best.

34.     Next, Plaintiff seeks sanctions for destroying a video. All testimony from all parties, including the police reports, was that there was no video of the event or anything which would shed light on the circumstances giving rise to it. There was an additional video which may have shown vehicles going in and out of the plant where the incident occurred, but which the testimony revealed was not helpful in shedding any light on the circumstances surrounding the fight which led to Plaintiff's injuries. It was this video which was not preserved. This video was not owned by or in the control of Defendants. Rather, it was taken by the camera system owned by the premises owner, Motiva. And, it is this video which Plaintiff infers was the "smoking gun" in the underlying claims. Plaintiff already has the benefit of a liability finding. These ludicrous and scandalous sanction allegations by Plaintiff's counsel are groundless and serve only to avoid the *Brillhart* abstention result.

### D.     Anti-Injunction Act Violation

35.     Plaintiff effectively seeks to enjoin the state court proceedings by racing to judgment in federal court. The relief which Plaintiff requests would have the same effect as issuing an injunction on the Texas state court proceedings due to res judicata. Without directly asking this Court, Plaintiff seeks an injunction which would be barred by the Anti-Injunction Act, 28 U.S.C. § 2283. Plaintiff's attempt to side-step applicable law must fail. *See Texas Employers' Ins. Asso. V. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988) (stating that "if an injunction would be barred by § 2283, this should also bar the issuance of a declaratory judgment that would have the same effect as an injunction").

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss this proceeding for lack of subject matter jurisdiction or, alternatively, stay the proceeding in this matter pending the resolution of the state court proceedings.

Respectfully submitted,

PHILLIPS & AKERS, P.C.

By: /s/ Brock C. Akers

Brock C. Akers
Federal ID So. District 2046
State Bar No. 00953250
Evelyn Derrington
State Bar No. 00947600
3200 Phoenix Tower
3200 Southwest Freeway
Houston, Texas 77027
Telephone: (713) 552-9595
Facsimile: (713) 877-2531
ATTORNEY FOR THOMAS PETROLEUM, INC. AND THOMAS FUELS, LUBRICANTS & CHEMICALS, INC.

STRASBURGER AND PRICE, L.L.P.

By: /s/ Levi J. Benton *
Levi J. Benton
State Bar No. 00783638
1401 McKinney, Suite 2200
Houston, Texas 77010
Telephone: (713) 951-5600
Facsimile: (713) 951-5660
ATTORNEY FOR THOMAS PETROLEUM, INC. AND THOMAS FUELS, LUBRICANTS & CHEMICALS, INC.

*Signed by permission

OF COUNSEL:
PHILLIPS & AKERS, P.C.
3200 Phoenix Tower
3200 Southwest Freeway
Houston, Texas 77027
713/552-9595
713/877-2531 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing instrument has been served in compliance with the Federal Rules of Civil Procedure on this 19th day of June, 2009.

/s/ Brock C. Akers
―――――――――――――――――
Brock C. Akers