IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY MORRIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:09-mc-0165 |
| | § | |
| THOMAS PETROLEUM, INC. and | § | |
| THOMAS FUELS, LUBRICANTS & | § | |
| CHEMICALS, INC. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER STAYING CASE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Gregory Morris ("Plaintiff" or "Mr. Morris") and files this Motion for Reconsideration of Order Staying Case [Doc. 21], and in support thereof, respectfully shows the following:

1.     On June 19, 2009, Defendants Thomas Petroleum, Inc. and Thomas Fuels, Lubricants & Chemicals, Inc. (collectively, "Defendants" or "Thomas") filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction and Alternatively Motion to Stay [Doc. 18] ("Defendants' Motion to Dismiss"). Plaintiff filed a 20-page Response to Defendants' Motion to Dismiss on June 29, 2009 ("Plaintiff's Response") [Doc. 20].[1]   Before the Court received Plaintiff's Response to Defendants' Motion to Dismiss, the Court issued an Order staying the case on June 26, 2009. Plaintiff's counsel received this Honorable Court's Order on June 30, 2009.

---

[1] The docket date for Plaintiff to respond to Defendants' Motion to Dismiss was July 9, 2009.

**DEFENDANTS MADE SEVERAL MISREPRESENTATIONS TO THE COURT IN THEIR MOTION TO DISMISS**

2.      In Defendants' Motion to Dismiss, Defendants made <u>several</u> misrepresentations to the Court relating to matters of law and fact.  In Plaintiff's 20-page Response, Plaintiff sets forth in detail the frivolous and meritless basis of Defendants' Motion to Dismiss.

3.      In sum, the Harris County district court case ("state court case") was abated and later dismissed, and the Houston First Court of Appeals has stayed the state court case effective June 23, 2009.[2]  (Exs. A & C hereto).  Accordingly, this matter is ripe for adjudication by this Honorable Court, and Mr. Morris respectfully requests that the Court confirm the arbitration awards, grant sanctions against Defendants, and grant all other relief to which he is entitled.

**CHRONOLOGY OF STATE COURT CASE**

4.      The chronology of the state court proceeding, which was dismissed on April 28, 2009, and the attempts by the state court to reinstate the case on June 15, 2009 have been stayed by the First Court of Appeals, is as follows:

| | |
|---|---|
| August 10, 2007: | Mr. Morris filed the state court case asserting federal claims for violations of the FMLA and ADA, as well as state law claims. |
| Nov. 6, 2007: | Defendants filed a plea in abatement and compelled arbitration pursuant to the Federal Arbitration Act. [3] |
| Nov. 13, 2007: | The state court case was abated and the Court compelled arbitration.  The abatement was never lifted. (*See* Ex. A hereto).[4] |
| April 28, 2009: | The state court dismissed the state court case following a non-suit by Mr. Morris.  The abatement was never lifted prior to the case |

---

[2] The case is stayed pending a determination by the First Court of Appeals as to whether the state court acted outside it plenary power in attempting to reinstate that case after it was dismissed in its entirety on April 28, 2009.

[3] Ex. 7 to Plaintiff's Response.

[4] Ex. 8 to Plaintiff's Response.

being dismissed.[5]   Defendants objected to the case being dismissed, but the state court nonetheless entered a "final" and "appealable" order dismissing the case "in its entirety." (Ex. B hereto).[6]

June 15, 2009:   After its plenary power expired,[7] the state court attempted to reinstate the state court case.

June 23, 2009:   ***The First Court of Appeals stayed the state court case.***   Mr. Morris filed a Petition for Writ of Mandamus on the grounds that the state court had lost its plenary power when it attempted to reinstate the case (after Plaintiff's claims in this Court had been filed) and that there are no remaining affirmative claims to be reinstated.   The Houston First Court of Appeals granted the extraordinary relief of an emergency stay. (Ex. C hereto)[8]

## THE STATE COURT CASE WAS PREVIOUSLY DISMISSED AND HAS NOW BEEN STAYED BY THE FIRST COURT OF APPEALS

5.    There are <u>not</u> two ongoing proceedings relating to this matter because (a) the state court case was dismissed; (b) the First Court of Appeals has stayed attempts to reinstate the state court case; and (c) there are no substantive matters pending before the state court.  Plaintiff never sought to confirm the arbitration awards in the state court, and as discussed below, any purported attempts by Defendants to seek vacature in the state court are void and null as a matter of law. Such filings are essentially non-existent and not recognized as a matter of law.  Accordingly, there is nothing pending with respect to the confirmation of the arbitration awards before the state court and the only pending claims relating to consideration of the arbitration awards are before this Honorable Court.

---

[5] While Defendants argue that they sought to vacate the arbitration award in state court, any purported filing is in fact a nullity and has no force or effect.  Under well-established Texas law, any documents filed by Defendants subsequent to the abatement are nullities and void as a matter of law. *See supra* at ¶7.

[6] Ex. 10 to Plaintiff's Response.

[7] Under Texas law, a state district court's plenary power expires 30 days after dismissal of a case.  TEX. R. CIV. P. 329b(d).

[8] Ex. 9 to Plaintiff's Response.

6.      The state court case was dismissed in its entirety on April 28, 2009.  (Ex. B hereto).[9]  After Plaintiff sought confirmation in this Court, the state court attempted to revive the case on June 15, 2009, which was long after its plenary power had expired. *See* TEX. R. CIV. P. 329b(d) (under Texas law a state district court's plenary power expires 30 days after dismissal of a case).  On June 23, 2009—before this Court entered its Order of Stay—the Houston First Court of Appeals granted the extraordinary emergency relief to stay the state court case while it considers Plaintiff's Petition for Writ of Mandamus on the grounds that the state court cannot reinstate a case once its plenary power has expired.

7.      The state court case was abated and the abatement has never been lifted. (*See* Ex. A hereto).[10]  Because the state court case was abated and that abatement was never lifted, any documents filed by Defendants subsequent to the abatement of the state court case are nullities that are void under Texas law.  *See, e.g., Amrhein v. La Madeleine, Inc.,* 206 S.W.3d 173  (Tex. App.—Dallas 2006, pet. denied); *In re Kimball Hill Homes Texas, Inc*., 969 S.W.2d 522, 527 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (petition filed in abated case was "void"); *Parker v. State Farm Mutual Automobile Insurance, Co.,* 83 S.W.3d 179, 182 (Tex. App. – San Antonio 2002, no pet.) (summary judgment motion filed on abated claims was a nullity); *Lumbermens Mutual Casualty Co. v. Garza*, 777 S.W.2d 198, 199 (Tex. App.—Corpus Christi 1989, no pet.) (discovery requests filed during abatement were a legal nullity and were not revived by reinstatement of the case).  Therefore, anything that Defendants attempted to file in the state court since the abatement began on <u>*November 13, 2007*</u>—including a so-called vacature—is a nullity considered legally nonexistent with no effect whatsoever.  Defendants have no matters pending before the state court and Plaintiffs have sought no affirmative relief

---

[9] Ex. 10 to Plaintiff's Response.

[10] Ex. 8 to Plaintiff's Response.

from the state court since the case was abated.  Accordingly, there are no confirmation or vacature proceedings pending before the state court.[11]  The only live pleadings relating to the confirmation of the arbitration awards are pending before this Court.

### THE STATE COURT CASE HAS BEEN NON-SUITED AND CANNOT BE REINSTATED

8.     Defendants are simply using a stay in this Honorable Court in an attempt to further delay Mr. Morris obtaining a judgment on the arbitration awards when Texas law is clear that the state court case cannot be reinstated as a matter of law.  "If a suit is voluntarily dismissed…the defendant cannot reinstate the case without the consent of the plaintiff when the plaintiff, in the exercise of an absolute right, has voluntarily dismissed his suit prior to the defendant's filing a plea for affirmative relief." *George v. George*, 564 S.W.2d 172, 174 (Tex. Civ. App.—Tyler 1978, no writ).

9.     Here, Plaintiff gave no consent to reinstatement of the state court case, and there was no claim for affirmative relief made by Defendants prior to Plaintiff non-suiting the state court case.  While Defendant purported to file a motion to vacate in the state court, the case was abated at the time that motion was "filed," and therefore the motion is a nullity according to the authorities cited in paragraph 7 above.[12]  Moreover, a motion to vacate is not a claim for affirmative relief and cannot serve as a basis to reinstate "affirmative" claims.  *W. Dow Hamm III and Dow Hamm III Corp. v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 268 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("The statutory grounds for vacating, modifying, or correcting an arbitration award . . . are in the nature of affirmative defenses because the party

---

[11] Plaintiff never sought confirmation of the arbitration awards in state court.  Defendants' argument that they filed a timely motion to vacate in State court ignores the fact that the document they purported to file was filed during an abatement and is therefore a nullity.  Therefore, the statute of limitations on any motion to vacate has run as explained in Plaintiff's Supplemental Motion to Confirm. [Doc. 4]

[12] On the other hand, a party is entitled to file a non-suit during a pending abatement.  *United Oil & Minerals, Inc. v. Costilla Energy, Inc.*, 1 S.W.3d 840, 844 (Tex. App.—Corpus Christi 1999, pet. dism'd).

asserting these grounds explicitly *confesses* the existence of an arbitration award, but nonetheless seeks to *avoid* its effect by asserting an independent reason that the award should not be enforced.").  Because there are no claims—much less affirmative claims—pending before the state court, the state court case cannot be reinstated.

10.     After the state court case was abated and referred to arbitration, Mr. Morris never sought any affirmative relief from the state court and non-suited the proceedings.  Because Mr. Morris asserted and prevailed on federal claims under the FMLA and ADA, he properly chose to seek confirmation of the arbitration awards in federal court.

For all the foregoing reasons, and also based on the argument and authorities cited in Plaintiff's Response to Defendant's Motion to Dismiss [Doc. 20], Plaintiff Gregory Morris respectfully requests that the Court reinstate this matter on the Court's active docket, lift the stay of the proceedings, enter an order confirming the arbitration awards, and for all other relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Rhonda H. Wills*
Rhonda H. Wills
Attorney-in-Charge
State Bar No. 00791943
Southern District I.D. No. 20699
WILLS LAW FIRM
2700 Post Oak Blvd., Suite 1350
Houston, Texas  77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

-AND-

John M. Padilla
State Bar No. 00791395
PADILLA, RODRIGUEZ & DE LA GARZA, L.L.P.
1776 Yorktown, Suite 535
Houston, Texas 77056
Telephone: (713) 574-4602
Facsimile: (713) 574-4601
**ATTORNEYS FOR PLAINTIFF**
**GREGORY MORRIS**


## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will, in turn, send a notice of electronic filing to all counsel of record, on **June 30, 2009**, including to Defendants' counsel:

Mr. Brock C. Akers
PHILLIPS & AKERS, P.C.
3200 Southwest Freeway
3200 Phoenix Tower
Houston, Texas 77027

Mr. Levi Benton
STRASBURGER & PRICE, L.L.P.
1401 McKinney, Suite 2200
Houston, Texas 77010

*/s/Rhonda H. Wills*
Rhonda H. Wills